**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| BLING MIRROR LLC, <br><br> Plaintiff, <br><br> v. <br><br> GUANGZHOU SHENGYANG LEATHER GOODS CO., LTD. d/b/a SYBAG and GUANGZHOU FEIZHULIU LEATHER GOODS CO., LTD. d/b/a FESHINE <br><br> Defendants. | Case No. 1:25-cv-10024 <br><br> JURY TRIAL DEMANDED |

**COMPLAINT**

Plaintiff Bling Mirror LLC hereby brings the present action against Guangzhou Shengyang Leather Goods Co., Ltd. d/b/a SYBAG and Guangzhou Feizhuliu Leather Goods Co., Ltd. d/b/a Feshine, as further identified below, and complains as follows:

**I.     JURISDICTION AND VENUE**

1.     This Court has original subject matter jurisdiction over Plaintiff's claims pursuant to the provisions of the Patent Act, 35 U.S.C. § 1 et seq., 28 U.S.C. § 1338(a)-(b) (exclusive patent claim jurisdiction), and 28 U.S.C. § 1331 (original federal question jurisdiction). This Court has original subject matter jurisdiction over the unfair competition claim asserted in this action pursuant to the Trademark Act of 1946, 15 U.S.C. §§ 1051, et seq., (the "Lanham Act").

2.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391, and this Court may properly exercise personal jurisdiction over Defendants because Defendants structure their business activities to target consumers in the United States, including Illinois, through at least the fully interactive e-commerce stores operating under their seller aliases identified herein.

1

Specifically, Defendants have targeted sales to Illinois residents by setting up and operating e-commerce stores that target United States consumers, offer shipping to the United States, including Illinois, accept payment in U.S. dollars and, on information and belief, sell products which infringe Plaintiff's Patent to residents of Illinois. Defendants are committing tortious acts in Illinois, are engaging in interstate commerce, and have wrongfully caused Plaintiff substantial injury in the state of Illinois.

3. Alternatively, jurisdiction over Defendants is appropriate under the Federal Long Arm provisions of Fed. R. Civ. P. 4(k)(2). Specifically, as a foreign entity or entities with no known established domestic presence, Defendants have nebulous contacts with each of the United States. To the extent Defendants' contacts with the State of Illinois are insufficient to confer jurisdiction under the State's long-arm statute, jurisdiction would similarly fail in each other State. The exercise of jurisdiction over Defendants, however, is consistent with the Constitution and laws of the United States. Consequently, because Plaintiff's claims arise under federal law, personal jurisdiction is alternatively proper under Fed. R. Civ. P. 4(k)(2).

## II. PARTIES

4. Plaintiff, Bling Mirror LLC, is a Delaware limited liability company registered to do business in the State of New York with its principal place of business at 400 Rella Blvd, #156, Montebello, NY 10901.

5. Plaintiff is the lawful owner by assignment of all right, title, and interest in the U.S. Patent attached as **Exhibit 1** ("Plaintiff's Patent"), including the right to sue for past damages. A true and correct copy of Plaintiff's Patent is attached hereto as **Exhibit 1**.

6. Plaintiff's Patent was issued on April 16, 2019. *See* **Exhibit 1**.

7. Plaintiff's Patent was and is valid and enforceable at all times relevant to this action

and is entitled to a presumption of validity under 35. U.S.C. § 282.

8. Upon acquiring its Patent, Plaintiff and its licensees, have marketed an embodying product under its GlowGlass™ line of products, which are available for sale on Plaintiff's website at www.glowglassmirrors.com.

9. Plaintiff's product is a high-quality LED Full-Length Mirror with Crushed Diamonds that is a sophisticated and elegant home accessory designed to enhance both style and functionality. This mirror features a sleek, modern design, making it an ideal addition to bedrooms, dressing rooms, or entryways. The mirror's standout feature is its patented border of crushed diamond accents, which add a touch of glamour and luxury. Integrated LED lighting provides soft, even illumination around the mirror, perfect for creating a well-lit space for makeup, styling, or outfit checks. A built-in CPU controls the plurality of LEDs, allowing users to customize at least one of the colors and lighting settings. This patented functionality lets a user tailor the ambiance to his/her preferences, from bright daylight for tasks to warm tones for a relaxed atmosphere.

10. Defendant Guangzhou Shengyang Leather Goods Co., Ltd. is a Chinese business of unknown incorporation. Defendant Guangzhou Shengyang Leather Goods Co., Ltd. is believed to have a principal place of business located at No.5,West Hehe Road, Gathering Area, South Industrial Zone, Shiling Town, Huadu District, Guangzhou CHINA 510000.

11. SYBAG is a Seller Alias used on the Amazon.com marketplace. SYBAG's Amazon Seller Page lists its Business Name as "guangzhoushishengyangpijuyouxiangongsi" which Plaintiff believes to be a transliteration of Defendant Guangzhou Shengyang Leather Goods Co., Ltd.'s name from Chinese to English. *See* https://www.amazon.com/sp?ie=UTF8&seller=A1AUVG1U3URUAO (last accessed 8/21/2025)

12. According to the records of the USPTO, U.S. Trademark Reg. No. 7036086 for

3

"Batuso" is owned by Guangzhou Shengyang Leather Goods Co., Ltd. The address for Guangzhou Shengyang Leather Goods Co., Ltd. listed in the USPTO Records is the same address listed on SYBAG's Amazon Seller Page after translating from Chinese to English.

13. On information and belief, the Amazon Seller Alias SYBAG is owned, operated, or controlled by Defendant Guangzhou Shengyang Leather Goods Co., Ltd.

14. Defendant Guangzhou Feizhuliu Leather Goods Co., Ltd. is a Chinese business of unknown incorporation. Defendant Guangzhou Feizhuliu Leather Goods Co., Ltd. is believed to have a principal place of business located at No. 75, Lingnan Commercial 3rd Street, Shiling Town, Huadu District, Guangzhou CHINA 510000.

15. Feshine is a Seller Alias used on the Amazon.com and Walmart.com marketplaces.

16. Feshine's Amazon and Walmart Seller Pages list its Business Name as "guangzhoushifeizhuliupijuyouxiangongsi" which Plaintiff believes to be a transliteration of Defendant Guangzhou Feizhuliu Leather Goods Co.'s name from Chinese to English. *See* https://www.amazon.com/sp?ie=UTF8&seller=A1Y858UP297345 (last accessed 8/21/2025) and https://www.walmart.com/global/seller/101299342 (last accessed 8/21/2025).

17. According to the records of the USPTO, U.S. Trademark Reg. No. 7036085 for "Hasipu" is owned by Guangzhou Feizhuliu Leather Goods Co., Ltd. The address for Guangzhou Feizhuliu Leather Goods Co., Ltd listed in the USPTO Records is the same address listed on Feshine's Amazon Seller Page after translating from Chinese to English.

18. On information and belief, the Amazon Seller Alias Feshine and the Walmart Seller Alias Feshine are both owned, operated, or controlled by Defendant Guangzhou Feizhuliu Leather Goods Co., Ltd.

19. The storefronts assigned to the SYBAG and Feshine Seller Aliases both sell the

4

Infringing Products under the Hasipu brand name and were both linked to from the Amazon "Hasipu Store" page at https://www.amazon.com/stores/page/D86DEEA5-8060-429A-8D73-142192CFDF74 as recently as 8/20/2025.

20. SYBAG additionally sells Infringing Products under the Batuso brand name.

21. Unlike the typical "bazaar style" e-commerce seller, the SYBAG and Feshine store fronts only sell mirrors and related products.

22. In fact, Feshine's Amazon and Walmart Storefronts *only* lists Hasipu branded mirrors, a Hasipu branded shower door, and a Hasipu shower light for sale. *See* https://www.amazon.com/s?i=merchant-items&me=A1Y858UP297345 and https://www.walmart.com/global/seller/101299342/cp/shopall? (each last accessed 8/21/2025).

23. Meanwhile, SYBAG's store front only lists mirrors under the Hasipu brand and Batuso brand and does not appear to sell any non-mirror products. *See* https://www.amazon.com/s?i=merchant-items&me=A1AUVG1U3URUAO (last accessed 8/20/20250).

24. U.S. Trademark Reg. Nos. 7036085 for Hasipu and 7036086 for Batuso were filed on the same day by the same attorney.

25. On information and belief, Defendant Guangzhou Feizhuliu Leather Goods Co., Ltd. and Defendant Guangzhou Shengyang Leather Goods Co., Ltd are commonly owned, operated, or controlled or are otherwise owned, operated, or controlled by related entities.

26. On information and belief, the Seller Aliases SYBAG and Feshine are both owned, operated, or controlled by a single entity or related entities.

27. Tactics used by Defendants to conceal their identity and the full scope of their operation make it virtually impossible for Plaintiff to learn Defendants' true identities and the exact interworking of their infringing network (*i.e.*, whether Defendant Guangzhou Feizhuliu Leather

5

Goods Co., Ltd. and Defendant Guangzhou Shengyang Leather Goods Co., Ltd are sister organizations, commonly owned, or even alter egos of each other). If Defendants provide additional credible information regarding their identity or demonstrate that the Seller Aliases described herein are owned or operated by other entities, Plaintiff will take appropriate steps to amend the Complaint as necessary.

28. To the extent Defendant Shengyang Feizhuliu Leather Goods Co., Ltd. d/b/a SYBAG and Defendant Guangzhou Feizhuliu Leather Goods Co., Ltd. d/b/a Feshine are not commonly owned or operated, they are nevertheless properly joined in this action as manufacturer or exporter and distributor or importer of the same infringing product.

29. In particular, as outlined above, Guangzhou Feizhuliu Leather Goods Co., Ltd. is believed to be the manufacturer or source of products under the Hasipu brand, including the Infringing Products sold by Guangzhou Shengyang Leather Goods Co., Ltd through the SYBAG Amazon Seller Alias.

30. Consequently, Defendant Guangzhou Feizhuliu Leather Goods Co., Ltd. and Defendant Guangzhou Shengyang Leather Goods Co., Ltd. are properly joined under 35 U.S.C. § 299 because Defendants make, use, import, offer to sell, or sell the same Infringing Product (*i.e.*, at least the Hasipu branded Infringing Products sold under the SYBAG Seller Alias) in a series of transactions from manufacturer to end consumer and there are common questions of fact regarding Plaintiff's claim for Infringement based on those acts.

### III. INTRODUCTION

31. Plaintiff filed this case to prevent Defendants' ongoing infringement of Plaintiff's Patent through continued sales and offers to sell the Infringing Products identified in **Exhibit 2**. Defendants create e-commerce stores under one or more Seller Aliases and then advertise, offer

for sale, and/or sell Infringing Products to unknowing consumers. E-commerce stores operating under the Seller Aliases discussed herein share identifiers, such as design elements and similarities of the Infringing Products offered for sale, establishing that a logical relationship exists between them, and that Defendants own, operate, or control each of the subject Seller Aliases, including at least SYBAG and Feshine and that Defendants themselves are either commonly owned or commonly controlled.

32. Defendants take advantage of a set of circumstances, including the anonymity and mass reach afforded by the Internet and the cover afforded by international borders, to violate Plaintiff's intellectual property rights with impunity. Defendants attempt to avoid liability by operating under one or more Seller Aliases to conceal their identity, location, and the full scope and interworking of their infringing operation. Plaintiff is forced to file this action to combat Defendants' infringement of Plaintiff's patented invention and to protect consumers from purchasing Infringing Products over the internet. Plaintiff has been, and continues to be, irreparably damaged through loss of market share (including the inability to generate and expand market share) and erosion of Plaintiff's patent rights because of Defendants' actions and therefore seeks injunctive and monetary relief.

## IV. DEFENDANTS' UNLAWFUL CONDUCT

33. The success of the invention claimed in the Plaintiff's Patent has resulted in significant infringement. The significant infringement has hampered Plaintiff's ability to generate and expand market share for its GlowGlass™ line of products. Because of this, Plaintiff has implemented an anti-infringement program that involves investigating suspicious websites and online marketplace listings identified in proactive Internet sweeps. Recently, Plaintiff has identified many e-commerce stores selling Infringing Products including the e-commerce stores

7

operating under the Seller Aliases identified in this case. True and correct copies of screenshot printouts showing the active e-commerce stores operating under the Seller Aliases to sell Infringing Products are attached as **Exhibit 2**.

34. In addition to the active listings identified in Exhibit 2, Plaintiff has previously observed Defendant Guangzhou Shengyang Leather Goods Co., Ltd. selling Infringing Products through its SYBAG Seller Allias under the following Amazon Standard Identification Numbers ("ASINs"): B0DLB2DC1G, B0DLB32LLM, B0DLB42CQ1, and B0DLWCP141.

35. Plaintiff has also previously observed Defendant Guangzhou Feizhuliu Leather Goods Co., Ltd. selling Infringing Products through its Feshine Seller Alias under ASIN B0D5D5YFLZ.

36. While Defendants do not appear to be currently selling products under ASINs B0DLB2DC1G, B0DLB32LLM, B0DLB42CQ1, B0DLWCP141 and B0D5D5YFLZ, the previous sales under those ASINs have infringed Plaintiff's Patent causing damages. Likewise, the product listings for these ASINS state that the products are "currently unavailable"; they do not state that the products have been discontinued, canceled, or otherwise will not be offered again in the future.

37. On information and belief, and as outlined *infra*, the Seller Aliases SYBAG and Feshine are owned, operated, or controlled by Defendants.

38. On information and belief, regardless of ownership of the Seller Aliases, each of the Infringing Products identified in **Exhibit 2** was made, manufactured, exported, imported, sold, or offered for sale by Defendants. In particular, as the registered owners of the Hasipu and Batuso trademarks it is reasonable to infer that Defendants are the manufacturers, exporters, importers, or source of the Infringing Products sold under those brands. Likewise, given the commonality of the

8

addresses listed for the mark owners and the owners of the Amazon and Walmart Seller Aliases, it is reasonable to infer that Defendants own, operate, or control the Seller Aliases SYBAG and Feshine on those marketplaces.

39. On information and belief, and as outlined *infra*, Defendants have taken advantage of the limitations of online marketplaces and the marketplaces inability to confirm or verify identification information to operate under multiple, seemingly unrelated, online personas, including at least the Seller Aliases SYBAG and Feshine.

40. Infringers such as Defendants typically operate under multiple seller aliases and payment accounts so that they can continue operation despite Plaintiff's enforcement. If one account or alias is shut down, the infringer simply continues operating under a different alias or account. E-commerce store operators like Defendants also maintain offshore bank accounts and regularly move funds from their financial accounts to offshore accounts outside the jurisdiction of this Court to avoid payment of any monetary judgment awarded to plaintiffs.

41. On information and belief, Defendants have knowingly and willfully manufactured, imported, distributed, offered for sale, and/or sold Infringing Products. Defendants, without any authorization or license from Plaintiff has thus knowingly and willfully infringed Plaintiff's Patent in connection with use and/or manufacturing of Infringing Products and distribution, exporting/importing, offering for sale, and sale of Infringing Products into the United States and Illinois over the Internet.

42. Defendants' unauthorized use and/or manufacturing of the invention claimed in Plaintiff's Patent in connection with the distribution, exporting/importing, offering for sale, and sale of Infringing Products, including the sale of Infringing Products into the United States, including Illinois, is likely to cause, and has caused, loss of market share and erosion of Plaintiff's

patent rights is irreparably harming Plaintiff.

## COUNT I
## PATENT INFRINGEMENT (15 U.S.C. § 271) – THE '174 PATENT

43. Plaintiff hereby re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs.

44. As shown, Defendants are working in active concert to knowingly and willfully manufacture, import, distribute, offer for sale, and sell infringing products in the same transaction, occurrence, or series of transactions or occurrences. Defendants, without any authorization or license from Plaintiff, have jointly and severally, knowingly, and willfully offered for sale, sold, and/or imported into the United States for subsequent resale or use the same product that infringes Plaintiff's Patent.

45. Specifically, Defendants have infringed and continue to infringe at least claim 1 of Plaintiff's Patent by making, using, importing, selling, and/or offering to sell the Infringing Products identified in Exhibit 2 in the United States without authorization or license from Plaintiff.

46. Additionally, Defendants have previously infringed at least claim 1 of Plaintiff's Patent by making, using, importing, selling, and/or offering to sell the Infringing Products sold under ASINs B0DLB2DC1G, B0DLB32LLM, B0DLB42CQ1, B0DLWCP141 and B0D5D5YFLZ.

47. Defendants have profited by their infringement of Plaintiff's Patent, and Plaintiff has suffered actual harm as a result of Defendants' infringement.

48. As a direct and proximate result of Defendants' infringement, Plaintiff has suffered irreparable harm and monetary and other damages in an amount to be determined. Defendants' infringement of Plaintiff's Patent in connection with the offering to sell, selling, or importing of the Infringing Products, including such acts into the State of Illinois, is irreparably harming

Plaintiff. Defendants' wrongful conduct has caused Plaintiff to suffer irreparable harm resulting from the loss of its lawful patent rights to exclude others from making, using, selling, offering for sale, and importing the patented inventions as well as the lost sales and loss of repeat sales stemming from the infringing acts.

49. Defendants' infringement has been and continues to be willful. Accordingly, Plaintiff is entitled to treble damages under 35 U.S.C. § 284 and this is an exceptional case under 35 U.S.C. § 285.

50. Plaintiff is entitled to injunctive relief pursuant to 35 U.S.C. § 283. Unless Defendants are preliminarily and permanently enjoined by this Court from continuing their infringement of Plaintiff's Patent, Plaintiff will continue to suffer additional irreparable harm, including loss of market share and erosion of patent rights.

51. Plaintiff is entitled to recover damages adequate to compensate for the infringement, pursuant to 35 U.S.C. § 284, in no event less than a reasonable royalty.

## COUNT II
## UNFAIR COMPETITION (15 U.S.C. §1125(a))

52. Plaintiff hereby re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs.

53. Despite Plaintiff having a valid and enforceable patent, which is embodied in Plaintiff's GlowGlass™ line of products, and being offered for sale to consumers in what should have been an otherwise exclusive market, Defendants have developed, manufactured, imported, advertised, and/or sold unauthorize products that infringe upon Plaintiff's Patent; namely, the Infringing Products identified in **Exhibit 2** and *infra*. These acts of infringement have prevented Plaintiff from generating and expanding its market share in what should have been an exclusive field.

11

54. By selling products which infringe upon Plaintiff's Patent, Defendants are competing for sales with Plaintiff and Plaintiff's Products with products that Defendants are prohibited from selling under U.S. Patent law.

55. By selling products that infringe upon Plaintiff's Patent, Defendants are competing for sales against Plaintiff in an unfair and unlawful manner.

56. Defendants' unlawful, unauthorized and unlicensed manufacture, distribution, importation, offer for sale and/or sale of Infringing Products creates express and implied misrepresentation that the Infringing Products were created, authorized, or approved by Plaintiff as the owner of Plaintiff's Patent, allowing Defendants to profit from the goodwill, time, research, and development of the invention as embodied in Plaintiff's Patent and Plaintiff's GlowGlass™ line of products, while causing Plaintiff irreparable and immeasurable injury.

57. On information and belief, Defendants have intentionally and blatantly infringed upon Plaintiff's Patent by selling Infringing Products to take unfair advantage of the enormous time, effort, and expense spent in connection with Plaintiff's Patent and Plaintiff's efforts to cultivate a successful market for the invention embodied in Plaintiff's Patent and in Plaintiff's GlowGlass™ line of products in online marketplaces.

58. On information and belief, Defendants have offered to sell and knowingly sold Infringing Products with the understanding that, as foreign entities, any enforcement efforts by Plaintiff would be difficult as many countries, including and especially China, make enforcement efforts of foreign IP difficult and collection of any judgments highly improbable.

59. On information and belief, to the extent enforcement efforts are made against Defendants, Defendants will merely ignore the efforts if they are permitted to move any assets out of their marketplace accounts and can easily create new accounts for online marketplaces to sell

Infringing Products – with little recourse available to Plaintiff.

60. Defendants have engaged in a pattern of unfair competition by operating storefronts in e-commerce marketplaces with the intent to defraud customers and evade legal and financial responsibilities.

61. Defendants' acts, as described herein, violate Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), in that Defendants' sale and/or offer of sale of products which infringe Plaintiff's Patent in a manner meant to evade enforcement of U.S. Patent Law, constitutes unfair competition. Defendants have engaged in practices that create consumer confusion, misrepresentation, and deception in the marketplace. Specifically:

   a. Defendants knowingly market and sell products that infringe Plaintiff's patent, falsely representing these infringing goods as legitimate or authorized products. This misrepresentation deceives consumers into believing they are purchasing products that meet the same standards of quality, innovation, and design as those protected by Plaintiff's patent.

   b. Defendants' Infringing Products, often indistinguishable from the patented designs or features of Plaintiff's products, are deliberately marketed in a manner that causes confusion among consumers regarding the source, sponsorship, or affiliation of the goods. This undermines Plaintiff's brand reputation and goodwill while unfairly benefiting Defendants.

   c. By circumventing patent protections, Defendants avoid the costs associated with lawful product development, manufacturing, and marketing. This gives Defendants an unfair economic advantage over Plaintiff and other competitors in the marketplace, enabling them to sell infringing products at a lower price point while

        profiting from Plaintiff's intellectual property.

    d. Defendants' unlawful actions dilute the value of Plaintiff's patented innovations and create a distorted marketplace where legitimate operators are forced to compete with infringing goods. This undermines consumer trust and the fair competition principles intended to be upheld by the Lanham Act.

62. Defendants' actions, therefore, constitute unfair competition in violation of Section 43(a) of the Lanham Act. Their sale and offer for sale of infringing products not only harm Plaintiff's business and reputation but also disrupts fair trade practices and deceives consumers, which are harms not addressed under U.S. Patent Law, warranting immediate legal redress and remedies to protect Plaintiff's rights, protect consumers, and restore marketplace integrity.

63. Plaintiff has no adequate remedy at law and, if the Defendants' activities are not enjoined, Plaintiff will continue to suffer irreparable harm and injury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

    A. That Defendants, their affiliates, officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through, under, or in active concert with them be temporarily, preliminarily, and permanently enjoined and restrained from:

        a. Making, using, offering for sale, selling and/or importing into the United States for subsequent sale or use any products that infringe upon Plaintiff's Patent; and

        b. Aiding, abetting, contributing to, or otherwise assisting anyone in infringing upon Plaintiff's Patent.

    B. Entry of an Order that, upon Plaintiff's request, those with notice of the injunction, including without limitation, any websites and/or online marketplace platforms,

   such as Amazon, eBay, Temu, and Walmart, shall disable and cease displaying any advertisements used by or associated with Defendants in connection with the sale of goods that infringe Plaintiff's Patent.

C.  That Judgment be entered against Defendants finding that they have infringed upon Plaintiff's Patent.

D.  That Judgment be entered against Defendants finding that infringement of Plaintiff's Patent has been willful.

E.  That Plaintiff be awarded damages for such infringement in an amount to be proven at trial, in no event less than a reasonable royalty pursuant to 35 U.S.C. § 284, together with interests and costs.

F.  That Plaintiff be awarded treble damages under 35 U.S.C. § 284 for Defendants' willful infringement of Plaintiff's Patent.

G.  A finding that this case is exceptional under 35 U.S.C. § 285.

H.  A finding that Defendants engaged in unfair competition under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

I.  That Plaintiff be awarded its reasonable attorneys' fees and costs.

J.  Award any and all other relief that this Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Dated: August 21, 2025

Respectfully submitted,

/s/Benjamin A. Campbell
Edward L. Bishop
ebishop@bdl-iplaw.com
Benjamin A. Campbell
bcampbell@bdl-iplaw.com
James J. Jagoda
jjagoda@bdl-iplaw.com
Brockton D. Ash
bash@bdl-iplaw.com
BISHOP & DIEHL, LTD.
1475 E. Woodfield Road, Suite 800
Schaumburg, IL 60173
Tel.:   (847) 969-9123
Fax:   (847) 969-9124

*Counsel for Plaintiff, Bling Mirror LLC*