# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| BLING MIRROR LLC, | |
| Plaintiff, | Case No. 1:25-cv-10024 |
| v. | District Judge Elaine E. Bucklo |
| GUANGZHOU SHENGYANG LEATHER GOODS CO., LTD. d/b/a SYBAG and GUANGZHOU FEIZHULIU LEATHER GOODS CO., LTD. d/b/a FESHINE | Magistrate Judge Daniel P. McLaughlin |
| Defendants. | **JURY TRIAL DEMANDED** |

**DECLARATION OF BENJAMIN A. CAMPBELL
IN SUPPORT OF MOTION FOR TEMPORARY RESTRAINING ORDER**

I, Benjamin A. Campbell, hereby declare as follows:

1. I am over eighteen (18) years of age. I have never been convicted of a felony or any criminal offense involving moral turpitude and I am fully competent to testify to the matters stated herein. I have personal knowledge of every statement made in this Declaration and such statements are true and correct.

2. I am a Partner at Bishop & Diehl, Ltd. and one of the attorneys representing Plaintiff Bling Mirror, LLC, in this action. I make this declaration in support of Plaintiff's Motion for Temporary Restraining Order ("Motion" or "TRO") in this case.

3. Defendants are two foreign business entities for which Plaintiff possesses limited reliable contact information.

4. Defendants conduct their infringing activities through online accounts operating on at least the Amazon.com and Walmart.com marketplaces and through unknown financial servicers (such as Visa and Mastercard).

1

5.      In my experience in combating online infringement, I have observed infringers using a variety of tactics to evade enforcement efforts. Specifically, infringers, like Defendants in the present case, will often provide an incomplete contact information to prevent notice or register new e-commerce stores under new aliases once they receive notice of a lawsuit.

6.      At this time, the only known contact information for Defendants are unconfirmed mailing addresses in China provided on Defendants' Amazon.com seller pages that must be translated from Chinese to English.

7.      After translating, those addresses appear to correlate to addresses provided in the USPTO records for the owners of the "Hasipu" and "Batuso" trademarks as outlined in the Complaint.

8.      As outlined in the accompanying memorandum and in Plaintiff's Complaint, the infringing activity relates to sales made under the Hasipu and Batuso trademarks by Defendants.

9.      Plaintiff seeks a TRO that will allow it to provide notice to Amazon.com and Walmart.com and will require the marketplaces to freeze Defendants' assets and accounts before Defendants have the opportunity to remove said assets from the reach of this Court.  This is a multi-step process that will first require Plaintiff to obtain information from the marketplace servicers (*e.g.*, Amazon) and, based on that information, contact the financial servicers to ensure freezing of Defendants' assets.

10.      As of today, Plaintiff does not possess the information and authority necessary to ensure freezing of all of the Defendants' third-party accounts, including those that may be held by the aforementioned marketplace servicers and those held by third party financial institutions/servicers to be identified in responses by said marketplace servicers.

11.     In my experience, serving the Defendants before the financial institutions/servicers have received and can respond to the notice of the TRO would risk Defendants being able to secret or transfer their funds beyond the reach of this Court before the assets are frozen.

12.     For these reasons, in the absence of an *ex parte* Temporary Restraining Order, Defendants could and likely would move any assets from accounts in financial institutions subject to this Court's jurisdiction to off-shore accounts.

13.     Thus, to prevent the Defendants from escaping the effects of the requested TRO, it is necessary to wait to provide notice to Defendants of this suit and the TRO.

14.     Accordingly, as of the date of this Declaration, Plaintiff has made no effort to provide notice to the Defendants of this suit or its request for TRO.

I declare under the penalty of perjury laws of the United States of America that to the best of my knowledge the foregoing is true and correct.

Executed this August 26, 2025, at Schaumburg, Illinois.

/s/ Benjamin A. Campbell
Benjamin A. Campbell

3