IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BLING MIRROR LLC,<br><br>  Plaintiff,<br><br>v.<br><br>GUANGZHOU SHENGYANG LEATHER GOODS CO., LTD. d/b/a SYBAG and GUANGZHOU FEIZHULIU LEATHER GOODS CO., LTD. d/b/a FESHINE<br><br>  Defendants. | Case No. 1:25-cv-10024<br><br>District Judge Andrea R. Wood<br><br>**JURY TRIAL DEMANDED** |

## DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT UNDER FRCP 12(B)(6)

**NOW COMES** Defendants GUANGZHOU SHENGYANG LEATHER GOODS CO., LTD. d/b/a SYBAG and GUANGZHOU FEIZHULIU LEATHER GOODS CO., LTD. d/b/a FESHINE ("Defendants"), by and through their undersigned counsel, and hereby bring this Motion to Dismiss Plaintiff's Complaint. Plaintiff asserts in its Complaint that Defendants manufacture, offer for sale, sell, and/or import into the United States for subsequent resale or use infringing products that infringe directly and/or indirectly the product represented by the U.S. 10,258,174 B2 Patent ("the 174 patent"). This allegation is false, and, as discussed *infra*, Defendants' products clearly do not meet the requirements of claim 1 of the 174 patent. Dismissing Plaintiff's Complaint under Rule 12(b)(6) is thus appropriate because Plaintiff has failed to state a claim for patent infringement.

### INTRODUCTION AND FACTUAL BACKGROUND

On June 14, 2018, Plaintiff filed a patent application for the 10,258,174 B2 patent (herein referred to as "the 174 patent") for a color-changing, LED, full-length mirror with a crushed

crystal border:

> 1. A full length light up bling mirror, comprising:
>
> a mirror to provide a reflection; and
>
> a border to surround an entire edge of the mirror, the border comprising:
>
> a plurality of crystals disposed on a front surface of the border,
>
> a plurality of light emitting diodes (LEDs) disposed within the plurality of crystals, and
>
> a CPU to control the plurality of LEDs to change at least one of colors and lighting settings.

**Claim 1 of the 174 patent**

For the purpose of Defendants' non-infringement contention, the relevant claim language is "a plurality of light emitting diodes (LEDS) disposed within the plurality of crystals," discussed *infra*.

Plaintiff alleges in its Complaint, filed on August 21, 2025, that Defendants' mirror products, sold on Amazon, infringe the 174 patent. Defendants' accused mirror products are displayed below:



### I. Argument

    a. **Legal Standard**

To state a claim upon which relief can be granted, a complaint must contain a "short and plain statement of the claim showing the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To survive a motion to dismiss, a complaint must thus contain sufficient factual matter to state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), *citing*, *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). This "plausibility requirement" requires the allegations in the complaint to "be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. The plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. Determining whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id., 556 U.S. at 679.

Courts evaluating the sufficiency of a complaint under Rule 12(b)(6) construe it in the light most favorable to the nonmoving party, accepting all well-pleaded facts as true, and drawing all

inferences in favor of the nonmovant. *Reger Development, LLC v. National City Bank*, 592 F.3d 759, 763 (7th Cir. 2010).[1]

In order to establish infringement of a utility patent, "every element and limitation of the claim must be present in the accused device, literally or by an equivalent." *See Inpro II Licensing*, *S.A.R.L. v. T-Mobile USA, Inc.*, 450 F.3d 1350, 1357-58 (Fed. Cir. 2006).

      b. **Defendants' Accused Products Do Not Meet the "A Plurality of Light Emitting Diodes (LEDS) Disposed Within the Plurality of Crystals" Element of Claim 1 On The 174 Patent**

As an initial matter, it does not appear that Plaintiff purchased the Defendants' mirror product to confirm that the LEDs are in fact "within" the crystals, i.e., to confirm infringement. Plaintiff is relying solely on the product pictures posted on Defendants' virtual storefronts, which do not show the LED arrangement beside the mirror frame. Below are additional photos of Defendants' products clearly showing that, once the frame panel is removed, the LED strip is glued to the **side** of the crystal border, taking the product outside the scope of the patent.








**Defendants' Accused Products**

Therefore, the element of the LEDs being present **within** the crystals has clearly not been met. The LEDs in the accused products are positioned **beside** the crystal border, and not **within** the crystals themselves, as the patent unambiguously requires.

Moreover, Figure 1 of the 174 patent confirms that the LEDs must be within the crystals. As shown below, each of the LEDs, designated by the number 14, must be positioned in the LED (13).



**174 patent, Figure 1.**

Accordingly, the patent figure shows *each* crystal containing an LED light. This is confirmed by the patent specification, which states "**each** of the plurality of LEDs **14** may be behind or within **each** of the plurality of **crystals 13**, such that the plurality of **crystals 13** reflect and enhance light emitted from the plurality of LEDs." 174 patent, column 3, lns. 6-10. Defendants' accused products clearly do not have this one-to-one arrangement. Again, the LED strip in Defendants' products is positioned on the side of the crystal border—and there are far more crystals than LEDs. In fact, the LEDs in Defendants' products do not even touch the crystals, as shown above.

## II. Conclusion

The element of claim 1 related to the LEDs being present *within* the plurality of crystals in the mirror has clearly not been met. The LEDs in the accused product are positioned **beside** the crystals and not in the crystals themselves. Plaintiff's claim of patent infringement is thus invalid on its face. Plaintiff's complaint should thus be dismissed in its entirety under Rule 12(b)(6).

DATED September 29, 2025.                     Respectfully submitted,

By: */s/ Pete Wolfgram*
Pete Wolfgram
Stratum Law LLC
2424 E. York St. Ste. 223
Philadelphia, PA, 19125
*Counsel for Defendants*

[1] The standards applicable to Rule 12(b)(6) motions are not unique to patent law and are evaluated under the law of the regional circuit. *McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354, 1355-56 (Fed. Cir. 2007).