IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BLING MIRROR LLC,<br><br> Plaintiff,<br><br>v.<br><br>GUANGZHOU SHENGYANG LEATHER GOODS CO., LTD. d/b/a SYBAG and GUANGZHOU FEIZHULIU LEATHER GOODS CO., LTD. d/b/a FESHINE<br><br> Defendants. | Case No. 1:25-cv-10024<br><br>District Judge Andrea R. Wood<br><br>Magistrate Judge Daniel P. McLaughlin<br><br>**JURY TRIAL DEMANDED** |

## JOINT INITIAL STATUS REPORT UNDER RULE 26(f)

Plaintiff Bling Mirror, LLC and Defendants Guangzhou Shengyang Leather Goods Co., Ltd. ("Sybag") and Guangzhou Feizhuliu Leather Goods Co., Ltd. ("Feshine") have conferred as required by Rule 26(f), and jointly submit the following Joint Initial Status Report

**1. Nature of the Case**

 **A. Identify the attorneys of record for each party, including the lead trial attorney**

 **For Plaintiff, Bling Mirror, LLC:**
 Lead attorney, Edward L. Bishop, (847) 925-9637, ebishop@bdl-iplaw.com,
 Benjamin A. Campbell, (847) 969-9173, bcampbell@bdl-iplaw.com,
 James J. Jagoda, (847) 969-9125, jjagoda@bdl-iplaw.com
 Brockton D. Ash (847) 466-2524, bash@bdl-iplaw.com
 Bishop & Diehl, Ltd.,
 1475 E. Woodfield Rd, Suite 800,
 Schaumburg, IL 60173

 **For Sybag and Feshine:**
 Lead attorney, Pete Wolgram (262) 501-2858, pwolfgram@stratumlaw.com
 Xiyan Zhang xzhang@stratumlaw.com
 Stratum Law LLC
 2424 E. York St., Suite 223
 Philadelphia, PA 19125

B.  **Identify any Parties that have not yet been served**

There are no Defendants that still need to be served. Defendants were served through counsel on September 17, 2025 and have responded to the complaint with a motion to dismiss.

C.  **State the basis for federal jurisdiction. If jurisdiction over any claims is based on diversity or supplemental jurisdiction: i. state whether and, if so, why the amount in controversy exceeds the $75,000 jurisdictional threshold; and ii. identify the state of citizenship of each named party. For unincorporated associations, LLCs, partnerships and other business entities that are not corporations, the state(s) in which any individual members of the business unit are citizens must be identified.**

Plaintiff's patent infringement claim arises under the Patent Act (35 U.S.C. § 1 *et seq.*) and its unfair competition claim arises under the Lanham Act (15 U.S.C. § 1051 *et seq.*). Consequently, the Court has original federal question jurisdiction pursuant to 28 U.S.C. § 1331 and §1338(b). The Court also has exclusive jurisdiction pursuant to 28 U.S.C. § 1338(a). Neither diversity nor supplemental jurisdiction are asserted in this case.

D.  **Describe generally the nature of the claims asserted in the complaint and any counterclaims.**

This is a case alleging infringement of U.S. Patent No. 10,258,174 ("the '174 Patent"), which is directed toward a Full Length Light Up Bling Mirror, and unfair competition under 15 U.S.C. § 1125(a). The named Defendants, Sybag and Feshine, both sell the Accused Products under the brand name Hasipu; Defendant Sybag additionally sells Accused Products under the brand name Batuso. Plaintiff contends that Defendants infringe at least Claim 1 of the '174 Patent, which Defendants deny. Plaintiff also contends that Defendants unfairly compete in the marketplace by structuring their business to evade enforcement of U.S. Patent Laws, which Defendants also deny. There are no counterclaims asserted at this time, though the Defendants assert the '174 Patent is invalid.

E.  **State the major factual and legal issues in the case**

The major legal issues include validity of the '174 Patent and infringement of the Accused Products. The major factual issues include the volume of accused sales, a reasonable royalty or other calculation of damages, and the existence and teachings of any purported prior art.

F.  **Describe the relief sought**

Plaintiff requests all relief available under the Patent Act including damages adequate to compensate for the infringement, but in no event less than a reasonable royalty. Pursuant to 35 U.S.C. § 284, Plaintiff also requests that such damages be trebled and pursuant to § 285, Plaintiff requests an award of attorney's fees. Plaintiff also requests temporary and permanent injunctive relief under 35 U.S.C. § 283. For its unfair competition claim, in addition to injunctive relief, Plaintiff requests an award of all damages (including lost profits) and Defendants' unjust profits. Defendants have not raised counterclaims at this time and thus have not sought particular relief.

2.  **Case Plan**

A.  **Identify all pending motions.**

Plaintiff has a pending motion for injunctive relief and expedited discovery. Dkt. 7 While the motion was originally captioned as a motion for TRO and a future preliminary injunction, as discussed at the October 15 hearing, the motion should be treated as a motion for preliminary injunction. The motion is fully briefed. Defendants have also filed a motion to dismiss (Dkt. 20) which has been entered and continued pending resolution of the injunction motion. Dkt. 24.

B.  **State whether any defendant anticipates responding to the complaint by motion and, if so, the basis for the intended motion.**

As noted above, Defendants have filed a motion to dismiss. Dkt. 20. That motion has been entered and continued pending resolution of Plaintiff's motion for an injunction.

    **C.    Submit a proposed discovery plan . . .**

The Parties anticipate needing discovery regarding sales, manufacturing, importing, customer communications, and general marketplace activity. Some of that information is likely to comprise ESI, including ESI gathered from Defendants Amazon and Walmart seller accounts. The Parties do not anticipate any issues regarding gathering and producing such ESI.

Because this is a utility patent case, the Court's standard protective order under the Local Patent Rules is operative and the Parties do not request any modifications to that standard protective order at this time. Likewise, the Parties do not currently request any changes or modifications to the discovery limitations or requirements set forth in the Federal Rules of Civil Procedure or this Court's Local Patent Rules. Consistent with those Local Patent Rules, the Parties submit the following proposed case schedule starting from an agreed initial disclosures deadline:

| EVENT SCHEDULED | TIME PER LOCAL RULES | DEADLINE |
|---|---|---|
| Deadline to Answer First Amended Complaint | 21 Days from Service | N/A |
| Initial Disclosures of All Parties (LPR 2.1) | 14 days (2 weeks) after Response to Initial Complaint | 10/24/2025 |
| Initial Infringement Contentions (LPR 2.2) | 14 days (2 weeks) after Initial Disclosures | 11/72025 |
| Initial Non-Infringement and Invalidity Contentions 14 days (LPR 2.3) | 14 days (2 weeks) after Initial Infringement Contentions | 11/21/2025 |
| Initial Response To Invalidity Contentions (LPR 2.5) | 14 days (2 weeks) after Initial Invalidity Contentions | 12/5/2025 |
| Reduction of Patent Claims (LPR 3.1) | 19 weeks after Initial Infringement Contentions | 3/20/2026 |
| Final Infringement, Unenforceability, and Invalidity Contentions (LPR 3.1) | 21 weeks after Initial Infringement Contentions | 4/3/2026 |

| EVENT SCHEDULED | TIME PER LOCAL RULES | DEADLINE |
|---|---|---|
| Final Non-Infringement, Enforceability, and Validity Contentions (LPR 3.2) | 28 days (4 weeks) after service of Final Infringement Contentions | 5/1/2026 |
| Exchange of Claim Terms Needing Construction (LPR 4.1) | 14 days (2 weeks) after Final Validity Contentions | 5/15/2026 |
| Close of Fact Discovery – Part 1 (LPR 1.3) | 28 days (4 weeks) after the date for exchange of claim terms and phrases under LPR 4.1 | 6/12/2026 |
| Opening Claim Construction Brief (by alleged infringer) (LPR 4.2(a)) | 35 days (5 weeks) after exchange of claim terms | 6/19/2026 |
| Responsive Claim Construction Brief (by patent infringement asserter) (LPR 4.2(c)) | 28 days (4 weeks) after Opening Claim Construction Brief | 7/17/2026 |
| Reply Claim Construction Brief (LPR 4.2(d)) | 14 days (2 weeks) after Responsive Claim Construction Brief | 7/31/2026 |
| Joint Claim Construction Chart | 7 days (1 week) after Reply Claim Construction Brief | 8/7/2026 |
| Claim Construction Hearing (LPR 4.3) | To be determined by the Court | Per the Court |
| Claim Construction Ruling (nominal) | To be determined by the Court | Per the Court |
| Discovery re Opinions of Counsel (LPR 3.6) | 35 days (5 weeks) before final close of fact discovery | 35 days (5 weeks) before final close of fact discovery |
| Close of Fact Discovery | 42 days (6 weeks) after Claim Const. Ruling | 42 days (6 weeks) after Claim Const. Ruling |
| Expert Reports of Parties with Burden of Proof (LPR 5.1(b)) | 21 days (3 weeks) after close of discovery | 21 days (3 weeks) after close of discovery |
| Rebuttal Expert Reports (LPR 5.1(c)) | 35 days (5 weeks) after initial expert reports | 35 days (5 weeks) after initial expert reports |

5

| EVENT SCHEDULED | TIME PER LOCAL RULES | DEADLINE |
|---|---|---|
| Completion of Expert Witness Depositions (LPR 5.2) | 35 days (5 weeks) after rebuttal expert reports | 35 days (5 weeks) after rebuttal expert reports |
| Final Day for Filing Dispositive Motions (LPR 6.1) | 28 days (4 weeks) after close of all discovery | 28 days (4 weeks) after close of all discovery |

D. **State whether there has been a jury demand and the estimated length of trial**

Plaintiff has demanded a jury trial in its Complaint and the Parties currently estimate that a jury trial would last approximately 4-6 days in Court.

3. **Settlement**

   A. **State whether any settlement discussion have occurred and describe the status of any such discussions.**
   B. **State whether the parties believe that a settlement conference would be productive at this time.**

The Parties have briefly discussed exploring settlement and will continue to discuss the possibility as appropriate. At this time, the Parties do not request a settlement conference.

4. **Consent to Proceed Before a Magistrate Judge**

   A. **State whether counsel have informed their respective clients about the possibility of proceeding before the assigned Magistrate Judge for all purposes, including trial and entry of final judgment, and whether the parties unanimously consent to that procedure. Do not indicate which parties consented or did not consent.**

Counsel have advised their respective clients of the option to proceed before the assigned Magistrate Judge for all purposes, including trial and entry of final judgment. At this time, the Parties do not unanimously consent to that procedure.

//

DATE: October 22, 2025                Respectfully submitted,

/s/Benjamin A. Campbell
Benjamin A. Campbell
bcampbell@bdl-iplaw.com
Bishop & Diehl, Ltd.,
1475 E. Woodfield Rd, Suite 800
Schaumburg, IL 60173
Telephone: (847) 969-9123

*Counsel for Plaintiff Bling Mirror, LLC*

DATE: October 22, 2025                Respectfully submitted,

/s/Pete Wolfgram
Pete Wolfgram
pwolfgram@stratumlaw.com
Xiyan Zhang
xzhang@stratumlaw.com
STRATUM LAW LLC
2424 E. York St. Ste. 223
Philadelphia, PA, 19125
xzhang@stratumlaw.com

Counsel for *Defendants*

7