# EXHIBIT 1

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| BLING MIRROR LLC, | |
|      Plaintiff, | Case No. 1:25-cv-10024 |
| v. | District Judge Andrea R. Wood |
| GUANGZHOU SHENGYANG LEATHER GOODS CO., LTD. d/b/a SYBAG and GUANGZHOU FEIZHULIU LEATHER GOODS CO., LTD. d/b/a FESHINE | Magistrate Judge Daniel P. McLaughlin |
|      Defendants. | **JURY TRIAL DEMANDED** |

**PLAINTIFF'S SUPPLEMENT REGARDING MOTION FOR INJUNCTION
AND EXPEDITED THIRD PARTY DISCOVERY**

On August 26, 2025, Plaintiff Bling Mirror, LLC filed a motion for injunctive relief and expedited discovery. Dkt. 7. Regarding injunctive relief, Plaintiff has requested that Defendants be enjoined from continuing to offer to sell or sell their infringing products and that they be enjoined from moving assets out of the purview of this Court to ensure they do not strategically default and avoid enforcement. Regarding discovery, Plaintiff requested leave to conduct discovery to identify Defendants' contact information and financial accounts, including sales activities. The Proposed Order submitted to Judge Bucklo's Proposed Orders Inbox[1] would have ordered expedited discovery from Defendants as well as third parties. See Exhibit A (originally submitted Proposed Temporary Restraining Order) at ¶3 and ¶4, respectively. The *ex parte* nature of Plaintiff's Motion was subsequently withdrawn after Defendants appeared through counsel. *See* Dkt. 15. Defendants then filed an Opposition at Dkt. 18 and Plaintiff filed a Reply at Dkt. 21.

---

[1] At the time the Motion was filed, this case was proceeding before Judge Bucklo. The case was reassigned to this Court on August 29, 2025. Dkt. 9.

1

In their Opposition, Defendants did not specifically address an asset restraint or the scope of the injunction. Rather, they merely asserted that injunctive relief should not be granted based on their belief that the asserted patent is either invalid or not infringed. Dkt. 18 In other words, should the Court agree that Defendants' proffered defenses lack merit, Defendants have not specifically opposed the scope of the proposed injunction. Likewise, Defendants failed to object to the requested expedited discovery in their Opposition. *Id.* While the Parties have now conducted a Rule 26(f) Discovery Conference, thereby opening discovery, there remains a need for a prompt injunction and expedited discovery from the third-party marketplaces that has been exacerbated by Defendants' failure to provide accurate information in connection with their Initial Disclosures pursuant to Fed. R. Civ. P. 26 and LPR 2.1. Plaintiff files this supplement to inform the Court of these recent events that further necessitate granting Plaintiff's injunction motion in its entirety.

## I.      Defendants' Past Arguments and Initial Disclosures

Again, Defendants did not object to the scope of the requested injunction (including the asset restraint) or the expedited discovery portion of Plaintiff's Motion. *See* Dkt. 18 (Opposition addressing only whether injunctive relief, in general, should be granted). Defendants have therefore waived any objection they have to at least those aspects of Plaintiff's Motion and the Motion should be granted, at least in part, as unopposed.

Now, the need for an asset restraint and expedited third-party discovery is further demonstrated by Defendants' own conduct and disclosures in this case. For example, on October 24, 2025, Defendants served their initial disclosures. Attached as Exhibit B[2]. Pursuant to Local Patent Rule 2.1, Defendants stated that their total gross sales for the Accused Products were

---

[2] Defendants' Initial Disclosures have not been altered and are attached in the form that they were produced including blank pages and disparate page numbering.

$152,700. *Id.* at p. 4. Plaintiff immediately raised concerns about this disclosure because its own tracking of the market would indicate that Defendants likely made significantly more sales of the Accused Products. Because the volume of accused sales is a factor in calculating damages under a reasonable royalty calculation, it is highly relevant to determining the proportional needs of the case under Fed. R. Civ. P. 26. That is, a case with minimal accused sales (and thus minimal potential damages) does not call for the same level of discovery as a case with millions of dollars in sales and more substantial potential damages. Likewise, the scope of accused sales is highly relevant to the need for, and the scope of, an asset restraint because a proper asset restraint should be tied to the scope of accused sales and potential recovery.

Given the apparent discrepancy between Plaintiff's own investigation and Defendants' disclosures, Plaintiff promptly asked Defendants for documentation supporting their claimed sales to ensure that Plaintiff was accurately evaluating this case under Rule 26 and that any requested asset restraint would be appropriately constrained. In response, Defendants produced a series of screenshots showing numbers of units sold for 23 of the Accused Products[3]. The production did not include any sales from Walmart.com and did not include all of the products identified as Accused Products in the Complaint. *See* Dkt. 1-2 (Exhibit 2 to the Complaint listing 21 Amazon ASINs and 4 Walmart SKUs) and Complaint (Dkt. 1) at ¶34-35 (listing five additional Amazon ASINs). Even this limited production, however, demonstrated that Defendants' Initial Disclosures could not possibly be accurate. For example, one of the 23 screenshots alone showed enough units sold that the total gross revenue would be greater than the amount stated in the Initial Disclosures even if every sale shown had been made at the lowest historical price for that product. Plaintiff's

---

[3] The screenshots were designated Attorney's Eyes Only and thus are not attached and are only referenced in general terms without disclosing any purportedly confidential information.

counsel immediately noted the discrepancy to Defendants' counsel. On November 4, 2025, Defendants then served Supplemental Initial Disclosures stating that their gross revenue was $1,309,000 from Amazon and $5,309 from Walmart for a total of $1,314,309. Exhibit C at p. 4-5. Even standing alone, it is concerning that when pressed for support Defendants admitted that their sales were nearly 10 times the volume previously asserted.

Looking closer, the deception appears to be even more egregious. In particular, it appears that the newly asserted gross sales total still underreports Defendants' actual sales based on Defendants' own limited production. Specifically, while Defendants' screenshots only show number of units purportedly sold, third party tracking websites (such as camelcamelcamel.com) track high, low, and average listing prices for many products sold on Amazon. Using average prices where available and prices shown in the Complaint where not, the limited production from Defendants supports an inference of more than the disclosed sales. Likewise, the screenshots provided by Defendants show at most only two years of sales (and in some cases, slightly over one year). LPR 2.1, in contrast, requires disclosure of 6 years of gross sales and the Patent Act allows Plaintiff to recover damages based on infringement dating from 6 years before the Complaint was filed. The disclosure of a mere two years of sales is necessarily an underreporting. Moreover, Defendants have not produced sales data for a number of known Accused Products (and an unknown number yet to be discovered). In other words, even with limited information, Defendants produced documents support an inference of more than the asserted total gross sales (possibly substantially more). Quite simply, something does not add up.

Given Defendants' repeated failures to provide accurate information, it is reasonable to infer that Defendants are hiding information from Plaintiff and the Court in an effort to conceal the true scope of their infringement. The injunction (including an asset restraint and expedited

4

discovery) should thus be issued to ensure that the Court is informed of the scope of this dispute and to ensure that Defendants do not further conceal their acts and subvert enforcement. In particular, Plaintiff needs to obtain sales information from a reliable source, *i.e.*, from the marketplaces, while ensuring that any delay in obtaining that information does not allow Defendants to move assets away from the jurisdiction of this Court. While Defendants did not specifically oppose the asset restraint or request for expedited discovery made in Plaintiff's motion, Plaintiff nevertheless gave Defendants the opportunity to jointly draft agreed expedited discovery that could have obviated the need for a discovery order (and potentially obviated the need for an asset restraint). Defendants, unfortunately, refused to agree to any expedited discovery. Consequently, Plaintiff has no choice but to bring the above-outlined discrepancies to the Court's attention as further support for the requested asset restraint and expedited discovery.

Moreover, Defendants have failed to disclose relevant information beyond just their sales. During the September 19 hearing on Plaintiff's pending motion, Plaintiff noted to the Court that Defendants appeared to be diverting sales to a new seller account under the name "planet-EC." As background, Defendants were both observed selling the Accused Products under the "Hasipu" brand name at the time the Complaint was filed. *See e.g.*, Complaint at ¶¶19-23. Since the filing of the Complaint, however, the "planet-EC" account has emerged as a prominent seller of the Hasipu products and is now the preferred seller for several products sold under the Hasipu brand name on Amazon.com.  Again, Plaintiff raised this issue during the September 19 hearing and Defendants assured the Court that they would address the concern in their Opposition and identify whether there is a connection between "planet-EC" and Defendants' Feshine and Sybag seller accounts. Defendants failed to address the issue at all in their Opposition. Dkt. 18.

5

Again, the lack of full disclosure from Defendants justifies granting the requested injunction in its entirety (including an asset restraint and expedited discovery). The asset restraint will ensure that Defendants do not continue to transition their business to the "planet-EC" storefront – leaving the Feshine and Sybag accounts effectively judgment proof – and the expedited discovery will divulge the relationship between the three seller accounts. Regarding the relationship between the three seller accounts, Plaintiff additionally asks that the expedited discovery address any Amazon Brand Registry filings related to the three accounts or the two brand names at issue (*i.e.*, "Hasipu" and "Batuso"). As outlined in the Complaint, Defendants are the owners of U.S. Trademark Registrations for these marks and use the marks on the Amazon.com marketplace. *See* Complaint at ¶¶ 12, 17, 19, 20. Amazon Brand Registry allows sellers to identify whether they are the owner or authorized user of any trademarks being used on the Amazon.com marketplace. Thus, discovery regarding Amazon Brand Registry filings is relevant to showing a connection between Defendants, their seller accounts (Feshine and SYBAG), and the newly discovered seller account seemingly related to their activities operating under the "planet-EC" name. To the extent the discovery shows a connection with "planet-EC," any asset restraint should extend to that account to ensure that Defendants are not hiding assets.

Plaintiff's request is consistent with expedited discovery often authorized by this Court and others in this District in so-called "Schedule A" cases. The only difference between this case and a typical "Schedule A" case is that Plaintiff did not file its Complaint under seal and identified only two closely related Defendants rather than a plethora of unrelated entities. In other words, Plaintiff has properly pled a case of joint liability. The other concerns raised in Schedule A cases (ease of evading enforcement, unreliable identities, and obfuscated facts) similarly warrant prompt action by the Court to avoid undue harm to Plaintiff.

## II.     Defendants' Conduct Also Further Supports the Need for Injunctive Relief

In opposing Plaintiff's request for injunctive relief, Defendants downplayed Plaintiff's concerns about identifying the scope of Defendants' true infringement. For example, Defendants asserted that "even assuming Plaintiff could prove that it was losing sales due to Defendant's [sic] conduct, the law is well-established that if 'losses are purely financial, easily measured, and readily compensated, there is no showing of irreparable harm, and on this ground alone the temporary injunction should be denied.'" Dkt. 18 at p. 13 (cleaned up) (quoting *Praefke Auto Elec. & Battery Co., Inc. v. Tecumseh Prods. Co., Inc.*, 255 F.3d 460, 463 (7th Cir. 2001)). That Defendants needed to supplement their disclosures to identify nearly *10 times* as many sales as previously disclosed (combined with the lack of clarity even in the revised number) demonstrates that Defendants' sales *are not* "easily measured" or "readily compensated." After all, even Defendants have had difficulty calculating their sales and any resulting damages. How can Plaintiff, the Court, or any jury be expected to do any better with even less access to the relevant information? The inability to reliably calculate damages further necessitates an immediate preliminary injunction to prevent ongoing harm that will be difficult or impossible to quantify at a later date.

## III.     Scope of Expedited Discovery to be Granted

Consistent with Plaintiff's initial request as provided in the proposed order sent to Judge Bucklo, Plaintiff requests that an injunction be granted to prevent continuing infringement and to freeze known assets related to that infringement. Plaintiff also requests that it be granted leave to conduct expedited discovery from third-party marketplaces (including Amazon.com and Walmart.com). Plaintiff's initial requested discovery (*see* Exhibit A) is modified below to address the new information outlined above:

> Upon Plaintiff's request, any third party with actual notice of this Order who is
> providing services for any of the Defendants, or in connection with any of

Defendants' online marketplace accounts or Seller Aliases, including, without limitation, any online marketplace platforms such as Amazon, Walmart, PayPal, and Payoneer (collectively, the "Third-Party Providers"), shall, within seven (7) calendar days after receipt of such notice, provide to Plaintiff expedited discovery, limited to copies of documents and records in such person's or entity's possession or control sufficient to determine:

    a. the identities and locations of Defendants, their officers, agents, servants, employees, attorneys, and any persons acting in active concert or participation with them, including all known contact information and all associated e-mail addresses;

    b. any connection between Defendants and the owners, operators, users, or individuals associated with the seller account "planet-EC" assigned Amazon Seller ID: A3R0VL537II2YJ.

    c. Amazon Brand Registry information for Defendants and the account operating under store name "planet-EC" and Seller ID: A3R0VL537II2YJ

    d. identifying information for all seller accounts with Amazon Brand Registries for the brands "Hasipu" and "Batuso"

    e. the nature of Defendants' operations and all associated sales, methods of payment for services, and financial information, including, without limitation, identifying information associated with their online marketplace accounts and Defendants' financial accounts, including Defendants' sales and listing history related to their respective online marketplace accounts; and

    f. any financial accounts owned or controlled by Defendants, including their officers, agents, servants, employees, attorneys, and any persons acting in active concert or participation with them, including such accounts residing with or under the control of any banks, savings and loan associations, payment processors or other financial institutions, including, without limitation, Amazon, Walmart, PayPal, and Payoneer, or other merchant account providers, payment providers, third party processors, and credit card associations (e.g., MasterCard and VISA).

## IV.    Conclusion

For the reasons outlined above, there is an urgent need to enter an asset restraint and authorize expedited discovery to ensure that Defendants do not mislead this Court to hide the full scope of this dispute while they move assets before strategically defaulting. Consequently, Plaintiff respectfully requests that its requested injunction be granted in its entirety, including an asset restraint and leave to conduct the expedited discovery as outlined above.

Dated: November 10, 2025

Respectfully submitted,

/s/ Benjamin A. Campbell
Edward L. Bishop
ebishop@bdl-iplaw.com
Benjamin A. Campbell
bcampbell@bdl-iplaw.com
James J. Jagoda
jjagoda@bdl-iplaw.com
Brockton D. Ash
bash@bdl-iplaw.com
BISHOP & DIEHL, LTD.
1475 E. Woodfield Road, Suite 800
Schaumburg, IL 60173
Tel.:     (847) 969-9123
Fax:     (847) 969-9124

*Counsel for Plaintiff Bling Mirror, LLC*

9

# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| BLING MIRROR LLC,<br><br>Plaintiff,<br><br>v.<br><br>GUANGZHOU SHENGYANG LEATHER GOODS CO., LTD. d/b/a SYBAG and GUANGZHOU FEIZHULIU LEATHER GOODS CO., LTD. d/b/a FESHINE<br><br>Defendants. | Case No. 1:25-cv-10024<br><br>District Judge Elaine E. Bucklo<br><br>Magistrate Judge Daniel P. McLaughlin<br><br>**JURY TRIAL DEMANDED** |

**[PROPOSED] SEALED TEMPORARY RESTRAINING ORDER**

Plaintiff Bling Mirror LLC filed an *Ex Parte* Motion for Entry of a Temporary Restraining Order and Other Relief against Defendants Guangzhou Shengyang Leather Goods Co., Ltd. d/b/a Sybag and Guangzhou Feizhuliu Leather Goods Co., Ltd. d/b/a Feshine. After reviewing the Motion and the accompanying record, this Court **GRANTS** Plaintiff's Motion in its entirety.

This Court finds, in the absence of adversarial presentation, that it has personal jurisdiction over Defendants because Defendants directly target their business activities toward consumers in the United States, including Illinois. Specifically, Plaintiff has provided a basis to conclude that Defendants have targeted sales to Illinois residents by setting up and operating e-commerce stores that target United States consumers using one or more seller aliases, offer shipping to the United States, including Illinois, and have sold products infringing Plaintiff's federally registered patent, U.S. Patent No. 10,258,174 ("the '174 Patent" or "Plaintiff's Patent") to residents of Illinois. In this case, Plaintiff has presented screenshot evidence that each Defendan'St e-commerce store is reaching out to do business with Illinois residents by operating one or more commercial, interactive

1

internet stores through which Illinois residents can and do purchase products which infringe upon Plaintiff's Patent. *See* Docket No. 1-2, which includes screenshot evidence confirming that each Defendant does stand ready, willing and able to ship its infringing goods to customers in Illinois.

This Court also finds that issuing this Order without notice pursuant to Rule 65(b)(1) of the Federal Rules of Civil Procedure is appropriate because Plaintiff has presented specific facts in the Complaint 1, and the Declaration of Sason Gabay filed in support of the Motion and accompanying evidence clearly showing that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition. Specifically, in the absence of an *ex parte* Order, Defendants could and likely would move any assets from accounts in financial institutions under this Court's jurisdiction to offshore accounts. Accordingly, this Court orders that:

1. Defendants, their officers, agents, servants, employees, attorneys, and all persons acting for, with, by, through, under, or in active concert with them be temporarily enjoined and restrained from:

   a. making, using, importing, offering for sale, or selling products that infringe upon Plaintiff's Patent, including the products described in the Complaint and its accompanying exhibits and those available at or under the accused product ASINs and product numbers identified in Exhibit 2 to the Complaint the same being attached hereto as Schedule A, and/or colorable imitations thereof, including any other products which embody any of the Claims of Plaintiff's Patent, in any matter;

   b. passing off, inducing, or enabling others to sell or pass off any product as a genuine Plaintiff's product or any other product produced by Plaintiff, that is not Plaintiff 's or

2

not produced under the authorization, control, or supervision of Plaintiff and approved by Plaintiff for sale that is protected under Plaintiff's Patent;

c. committing any acts calculated to cause consumers to believe that Defendants' products are those sold under the authorization, control, or supervision of Plaintiff, or are sponsored by, approved by, or otherwise connected with Plaintiff; and

d. manufacturing, shipping, delivering, holding for sale, transferring or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not manufactured by or for Plaintiff, nor authorized by Plaintiff to be sold or offered for sale, and which embody any of the Claims of Plaintiff's Patent.

2. Defendants shall not transfer or dispose of any money or other of Defendants' assets in any of Defendants' financial accounts.

3. Plaintiff is authorized to issue expedited written discovery to Defendants, pursuant to Federal Rules of Civil Procedure 33, 34, and 36, related to:

a. the identities and locations of Defendants, their officers, agents, servants, employees, attorneys, and any persons acting in active concert or participation with them, including all known contact information and all associated e-mail addresses;

b. the nature of Defendants' operations and all associated sales, methods of payment for services, and financial information, including, without limitation, identifying information associated with any online marketplaces and Defendants' financial accounts, including Defendants' sales and listing history related to their respective online marketplace accounts; and

c. any financial accounts owned or controlled by Defendants, including their officers, agents, servants, employees, attorneys, and any persons acting in active concert or

3

participation with them, including such accounts residing with or under the control of any banks, savings and loan associations, payment processors or other financial institutions, including, without limitation, Amazon, Inc. ("Amazon"), PayPal, Inc. ("PayPal"), and Payonner Global, Inc. ("Payoneer") or other merchant account providers, payment providers, third party processors, and credit card associations (e.g., MasterCard and VISA).

4. Upon Plaintiff's request, any third party with actual notice of this Order who is providing services for any of the Defendants, or in connection with any of Defendants' online marketplace accounts or Seller Aliases, including, without limitation, any online marketplace platforms such as Amazon, PayPal, and Payoneer (collectively, the "Third-Party Providers"), shall, within seven (7) calendar days after receipt of such notice, provide to Plaintiff expedited discovery, limited to copies of documents and records in such person's or entity's possession or control sufficient to determine:

   a. the identities and locations of Defendants, their officers, agents, servants, employees, attorneys, and any persons acting in active concert or participation with them, including all known contact information and all associated e-mail addresses;

   b. the nature of Defendants' operations and all associated sales, methods of payment for services, and financial information, including, without limitation, identifying information associated with their online marketplace accounts and Defendants' financial accounts, including Defendants' sales and listing history related to their respective online marketplace accounts; and

   c. any financial accounts owned or controlled by Defendants, including their officers, agents, servants, employees, attorneys, and any persons acting in active concert or

4

participation with them, including such accounts residing with or under the control of any banks, savings and loan associations, payment processors or other financial institutions, including, without limitation, Amazon, PayPal, and Payoneer, or other merchant account providers, payment providers, third party processors, and credit card associations (e.g., MasterCard and VISA).

5.  Upon Plaintiff's request, those with notice of this Order, including the Third-Party Providers as defined in Paragraph 4, shall within seven (7) calendar days after receipt of such notice, disable and cease displaying any advertisements used by or associated with Defendants in connection with the sale of goods which infringe upon Plaintiff's Patent.

6.  Any Third-Party Providers, including Amazon, PayPal, and Payoneer, shall, within seven (7) calendar days of receipt of this Order:

    a.  locate all accounts and funds connected to Defendants' Seller Aliases, including, but not limited to, any financial accounts connected to the information listed in the list attached hereto as Schedule A, and any e-mail addresses provided for Defendants by third parties; and

    b.  restrain and enjoin any such accounts or funds from transferring or disposing of any money or other of Defendants' assets until further order by this Court or until the Order expires, whichever occurs earlier.

7.  Plaintiff may provide notice of the proceedings in this case to Defendants, including notice of the preliminary injunction hearing, service of process pursuant to Fed. R. Civ. P. 4(f)(3), and any future motions, by electronically publishing a link to the Complaint, this Order, and other relevant documents or by sending an e-mail, with relevant documents attached, to any e-mail addresses provided for Defendants by third parties. The combination of

5

providing notice via electronic publication or e-mail, along with any notice that Defendants receive from payment processors, shall constitute notice reasonably calculated under all circumstances to apprise Defendants of the pendency of the action and afford them the opportunity to present their objections.

8.    Plaintiff must provide notice to Defendants of any motion for preliminary injunction as required by Rule 65(a)(1).

9.    Within seven (7) calendar days of entry of this Order, Plaintiff shall deposit with the Court ten thousand dollars ($10,000.00), either cash or surety bond, as security, which amount has, in the absence of adversarial testing, been deemed adequate for the payment of such damages as any person may be entitled to recover as a result of a wrongful restraint hereunder.

10.    Any Defendants that are subject to this Order may appear and move to dissolve or modify the Order as permitted by and in compliance with the Federal Rules of Civil Procedure and the Northern District of Illinois Local Rules. Any third party impacted by this Order may move for appropriate relief.

11.    This Temporary Restraining Order without notice is entered at _____ A.M. on this _____ day of _____ 2025 and shall remain in effect for fourteen (14) calendar days. Any motion to extend this Order must be filed by [DATE].

_____
Elaine E. Bucklo
United States District Judge

6

BLING MIRROR LLC, v. GUANGZHOU SHENGYANG LEATHER GOODS CO., LTD. d/b/a SYBAG
and GUANGZHOU FEIZHULIU LEATHER GOODS CO., LTD. d/b/a FESHINE

**Exhibit A – List of Accused Products**

| Defendant | Seller Alias | Store Front | Infringing Product # |
|---|---|---|---|
| Guangzhou Shengyang Leather Goods Co., Ltd | SYBAG | https://www.amazon.com/sp?ie=UTF8&seller=A1AUVG1U3URUAO | B0CDPQGC2M<br>B0CDPRRS6C<br>B0CKSGWZLR<br>B0D3DL41F2<br>B0D3DVCCPZ<br>B0DCNVL6TM<br>B0DCNVW6J4<br>B0DCNY84YY<br>B0DCNZP2ZT<br>B0DJ2CTF43<br>B0DJ2CYZCZ<br>B0DJ2DBD7L<br>B0DL9XPMJT<br>B0DL9XSS2Y<br>B0DL9YVPH1<br>B0DL9ZHG6L<br>B0DLB28S1P<br>B0F5VWBVFL<br>B0F5W25NQG<br>B0F5W5PRX6 |
| Guangzhou Feizhuliu Leather Goods Co. Ltd. | Feshine | https://www.amazon.com/sp?ie=UTF8&seller=A1Y858UP297345 | B0D5D5YFLZ |
| | | https://www.walmart.com/global/seller/101299342 | 16281921001<br>16201921672<br>16223358980<br>16234004763 |

7

# EXHIBIT B

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

BLING MIRROR LLC,

     Plaintiff,

v.

GUANGZHOU SHENGYANG LEATHER
GOODS CO., LTD. d/b/a SYBAG and
GUANGZHOU FEIZHULIU LEATHER
GOODS CO., LTD. d/b/a FESHINE

     Defendants.

Case No. 1:25-cv-10024

District Judge Andrea R. Wood

**JURY TRIAL DEMANDED**

---

**DEFENDANTS' INITIAL DISCLOSURES PURSUANT TO FEDERAL RULE
OF CIVIL PROCEDURE 26(A)(1) AND LPR 2.1**

DEFENDANTS Guangzhou Shengyang Leather Goods Co., Ltd., d/b/a SYBAG and

Guangzhou Feizhuliu Leather Goods Co., Ltd., d/b/a Feshine DEFENDANTS' ("Defendants"), by

and through their undersigned counsel, hereby submit the following initial disclosures in accordance

with Fed. R. Civ. P. 26(a)(1) to Plaintiff Bling Mirror LLC.

**I.**   **Individuals Likely to Have Discoverable Information That May Be Used by
DEFENDANTS' to  Support Its Claims or Defenses**

    Pursuant to Fed. R. Civ. P. 26(a)(1)(A)(i), DEFENDANTS identify the following

individuals who are likely to have discoverable information that may be used by

DEFENDANTS' to support its claims or defenses:

1

| Name | Contact Info | Topic(s) |
|---|---|---|
| xueyan yang 杨雪艳 (Guangzhou Shengyang Leather Goods Co., Ltd.) | | Information related to the operation of the Shengyang Leather Goods Co., Ltd.'s Amazon store, SYBAG. |
| Guanghui Kong (Guangzhou Feizhuliu Leather Goods Co., Ltd.) | | Information related to the operation of the (Guangzhou Feizhuliu Leather Goods Co., Ltd.'s Amazon store, FESHINE. |
| Monique Huerta | | Information related to the application of the Asserted Patent. |

DEFENDANTS' investigation is ongoing and they reserve the right to supplement these disclosures to identify additional individuals who may have discoverable information that may be used by DEFENDANTS to support its claims or defenses.

## II. <u>Accused Products</u>

Plaintiff has accused Defendants' mirror products of infringing U.S. Patent No. 1,012,683 ("the '683 Patent"). The Accused Products are shown below:



## III. <u>Prior Art References</u>

The Asserted Patent is invalid as anticipated or obvious based on at least the following prior art references[1]:

- "Makeup Pro Hollywood Light," published June 18, 2016, available at https://www.youtube.com/watch?v=Zj5q9nBZ1p0
- U.S. Patent Publication No. 2010/0296298 A1, (May 22, 2009).

---

[1] Defendants reserve the right to amend its invalidity contentions as this case moves forward. Defendants are not bound by the invalidity contentions included in this disclosure.

**IV.** <u>**Documents, Electronically Stored Information and Things in the Possession That Defendants May Use to Support Its Claims or Defenses**</u>

Pursuant to Fed. R. Civ. P. 26(a)(1)(A)(ii), DEFENDANTS hereby identify the following categories of documents, electronically stored information and things in its possession, custody, or control that it may use to support its claims and defenses in this case:

1. Information relating to DEFENDANTS' inventory on their storefronts on Amazon and resulting damages.

2. Information relating to DEFENDANTS' businesses and resulting damages as a result of Plaintiff's motions for injunctions, if granted.

3. Any other non-privileged information in DEFENDANTS' possession, custody or control that DEFENDANTS determine they may use to support its claims or defenses.

4. DEFENDANTS reserve the right to rely on all documents produced by Amazon.com in response Requests for Production to Third Party Amazon or by other parties in this case.

Documents in DEFENDANTS' possession or under DEFENDANTS' control are located at:

- [[DEFENDANTS CURRRENT ADDRESES WILL BE PROVIDED IN SUPPLEMENTARY DISCLOSURES]]

and:

DEFENDANTS' investigation is ongoing and DEFENDANTS reserve the right to supplement these disclosures to identify additional categories and sources of documents and information in its possession, custody, or control that may be used by DEFENDANTS' to support their claims or defenses.

**V.** **Statement of Defendants' Sales Data**

Defendants' total gross revenue of the Accused Products from their Amazon Stores from the date of the issuance of the patent is $152,700. Defendants will supplement these disclosures with

4

sales data associated with their Walmart storefronts, if any exists, in the following days.

## VI.    Damages Computation

Pursuant to Fed. R. Civ. P. 26(a)(1)(A)(iii), DEFENDANTS hereby state that they are seeking damages  for Plaintiff's wrongful acts in the categories below:

- Interference with business contract and resulting damages.

- Damages for its costs, disbursements, and attorneys' fees incurred in  prosecuting this action, with interest, including damages for an exceptional case pursuant to 28 U.S.C. §285 and as otherwise as provided by law; and pre-judgment and post-judgment interest on its damages as allowed by law.

DEFENDANTS  will disclose their detailed damages computation  in accordance with the schedule for expert disclosures, and this statement will be  deemed to be  supplemented and/or amended by such expert disclosures.

## VII.    Insurance Agreements

Pursuant to Fed. R. Civ. P. 26(a)(1)(A)(iv), DEFENDANTS are not aware of any applicable insurance agreements.

## VIII.    Reservation of Rights

DEFENDANTS  reserve the right to supplement, amend  or  modify  these  disclosures as  it obtains  information through discovery or otherwise. DEFENDANTS further reserve the right to object to the use of the disclosures herein, in whole or in part, at any time including at trial of this or any other action on the  grounds  of relevancy, competency, materiality, admissibility, hearsay, or for any  other  reason. Further, DEFENDANTS  provide  these disclosures without waiving any claim of attorney- client privilege, work-product protection or any other applicable privilege or protection.

By making these disclosures, DEFENDANTS do not represent that it has identified every

5

witness or category of documents that it may use to support its claims or defenses. Rather, these disclosures represent a good faith effort by DEFENDANTS to identify information presently available to it that falls within the scope of Rule 26(a)(1). As such, these disclosures do not include information that may be used solely for impeachment purposes.

The above information is based upon DEFENDANTS' knowledge to date. DEFENDANTS reserves the right to identify in the future additional individuals with discoverable information and/or additional documents in its possession, custody, or control that it may use to support its claims and/or defenses.

Dated: October 24, 2025

By;    /s/Pete Wolfgram
      Pete Wolfgram
      pwolfgram@stratumlaw.com
      2424 E. York St. Ste. 300
      Philadelphia, PA, 19125

      *Attorney for Defendants*

6

4

# EXHIBIT C

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| BLING MIRROR LLC, | |
| Plaintiff, | Case No. 1:25-cv-10024 |
| v. | District Judge Andrea R. Wood |
| GUANGZHOU SHENGYANG LEATHER GOODS CO., LTD. d/b/a SYBAG and GUANGZHOU FEIZHULIU LEATHER GOODS CO., LTD. d/b/a FESHINE | **JURY TRIAL DEMANDED** |
| Defendants. | |

**DEFENDANTS' SUPPLEMENTAL INITIAL DISCLOSURES PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 26(A)(1) AND LPR 2.1**

DEFENDANTS Guangzhou Shengyang Leather Goods Co., Ltd., d/b/a SYBAG and

Guangzhou Feizhuliu Leather Goods Co., Ltd., d/b/a Feshine DEFENDANTS' ("Defendants"), by

and through their undersigned counsel, hereby submit the following supplemental initial disclosures

in accordance with Fed. R. Civ. P. 26(a)(1) to Plaintiff Bling Mirror LLC.

**I.  Individuals Likely to Have Discoverable Information That May Be Used by DEFENDANTS' to  Support Its Claims or Defenses**

Pursuant to Fed. R. Civ. P. 26(a)(1)(A)(i), DEFENDANTS identify the following

individuals who are likely to have discoverable information that may be used by

DEFENDANTS' to support its claims or defenses:

1

2

| Name | Contact Info | Topic(s) |
|---|---|---|
| xueyan yang 杨雪艳 (Guangzhou Shengyang Leather Goods Co., Ltd.) | | Information related to the operation of the Shengyang Leather Goods Co., Ltd.'s Amazon store, SYBAG. |
| Guanghui Kong (Guangzhou Feizhuliu Leather Goods Co., Ltd.) | | Information related to the operation of the (Guangzhou Feizhuliu Leather Goods Co., Ltd.'s Amazon store, FESHINE. |
| Monique Huerta | | Information related to the application of the Asserted Patent. |

2

DEFENDANTS' investigation is ongoing and they reserve the right to supplement these disclosures to identify additional individuals who may have discoverable information that may be used by DEFENDANTS to support its claims or defenses.

## II. Accused Products

Plaintiff has accused Defendants' mirror products of infringing U.S. Patent No. 1,012,683 ("the '683 Patent"). The Accused Products are shown below:



## III. Prior Art References

The Asserted Patent is invalid as anticipated or obvious based on at least the following prior art references[1]:

- "Makeup Pro Hollywood Light," published June 18, 2016, available at https://www.youtube.com/watch?v=Zj5q9nBZ1p0
- U.S. Patent Publication No. 2010/0296298 A1, (May 22, 2009).

---

[1] Defendants reserve the right to amend its invalidity contentions as this case moves forward. Defendants are not bound by the invalidity contentions included in this disclosure.

IV. **Documents, Electronically Stored Information and Things in the Possession That Defendants May Use to Support Its Claims or Defenses**

Pursuant to Fed. R. Civ. P. 26(a)(1)(A)(ii), DEFENDANTS hereby identify the following categories of documents, electronically stored information and things in its possession, custody, or control that it may use to support its claims and defenses in this case:

1. Information relating to DEFENDANTS' inventory on their storefronts on Amazon and resulting damages.

2. Information relating to DEFENDANTS' businesses and resulting damages as a result of Plaintiff's motions for injunctions, if granted.

3. Any other non-privileged information in DEFENDANTS' possession, custody or control that DEFENDANTS determine they may use to support its claims or defenses.

4. DEFENDANTS reserve the right to rely on all documents produced by Amazon.com in response Requests for Production to Third Party Amazon or by other parties in this case.

Documents in DEFENDANTS' possession or under DEFENDANTS' control are located at:

- Guangzhou Shengyang Leather Goods Co., Ltd. ----- address: 3rd Floor, No. 17, Wangyuan Road, Hecheng Village, Shiling Town, Huadu District, Guangzhou

- Guangzhou Feizhuliu Leather Goods Co., Ltd.: address : No. 1-2, Lingnan Commercial Street, Section 3, 75, Hesheng Village, Shiling Town, Huadu District, Guangzhou

DEFENDANTS' investigation is ongoing and DEFENDANTS reserve the right to supplement these disclosures to identify additional categories and sources of documents and information in its possession, custody, or control that may be used by DEFENDANTS' to support their claims or defenses.

V. **Statement of Defendants' Sales Data**

Defendants' total gross revenue of the Accused Products from their Amazon Stores from the date of the issuance of the patent is $1,309,000. Accused Products sales from Defendants' Walmart

4

stores is $5309.

## VI.     <u>Damages Computation</u>

Pursuant to Fed. R. Civ. P. 26(a)(1)(A)(iii), DEFENDANTS hereby state that they are seeking damages  for Plaintiff's wrongful acts in the categories below:

- Interference with business contract and resulting damages.

- Damages for its costs, disbursements, and attorneys' fees incurred in  prosecuting this action, with interest, including damages for an exceptional case pursuant to 28 U.S.C. §285 and as otherwise as provided by law; and pre-judgment and post-judgment interest on its damages as allowed by law.

DEFENDANTS  will  disclose  their  detailed  damages  computation  in accordance with the schedule  for expert disclosures,  and this statement will be  deemed to be  supplemented and/or amended by such expert disclosures.

## VII.     <u>Insurance Agreements</u>

Pursuant to Fed. R. Civ. P. 26(a)(1)(A)(iv), DEFENDANTS are not aware of any applicable insurance agreements.

## VIII.   <u>Reservation of Rights</u>

DEFENDANTS  reserve  the  right  to  supplement,  amend  or  modify  these disclosures as  it obtains  information through discovery or otherwise. DEFENDANTS further reserve the right to object to the use of the disclosures herein, in whole or in part, at any time including at trial of this or any other action on the  grounds  of  relevancy,  competency,  materiality, admissibility, hearsay, or for any  other reason. Further, DEFENDANTS  provide  these disclosures  without  waiving  any  claim  of  attorney- client privilege, work-product protection or any other applicable privilege or protection.

By making these disclosures, DEFENDANTS do not represent that it has identified every

witness or category of documents that it may use to support its claims or defenses. Rather, these disclosures represent a good faith effort by DEFENDANTS to identify information presently available to it that falls within the scope of Rule 26(a)(1). As such, these disclosures do not include information that may be used solely for impeachment purposes.

The above information is based upon DEFENDANTS' knowledge to date. DEFENDANTS reserves the right to identify in the future additional individuals with discoverable information and/or additional documents in its possession, custody, or control that it may use to support its claims and/or defenses.

Dated: October 27, 2025

By; /s/Pete Wolfgram  
Pete Wolfgram  
pwolfgram@stratumlaw.com  
2424 E. York St. Ste. 300  
Philadelphia, PA, 19125  

*Attorney for Defendants*

6

4

5